1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

| | |
|---|---|
| ROBERT WAGNER,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. 3:14-cv-05788-KLS<br><br>ORDER AFFIRMING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

12
13
14
15
16
17
18

    Plaintiff has brought this matter for judicial review of the defendant Commissioner's

denial of his application for supplemental security income ("SSI").  Pursuant to 28 U.S.C. §

636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to

have this matter heard by the undersigned Magistrate Judge.  After reviewing the parties' briefs

and the remaining record, the Court hereby orders that for the reasons set forth below, the

Commissioner's decision to deny benefits is affirmed.

19

<u>FACTUAL AND PROCEDURAL HISTORY</u>

20
21
22
23
24
25
26

    On September 8, 2011, Plaintiff protectively filed an application for SSI, alleging

disability as of January 1, 2011, due to heart problems, migraine headaches, asthma, depression,

and hypertension. <u>See</u> Administrative Record ("AR") 164-70, 177, 182.   His application was

denied upon initial administrative review and on reconsideration. <u>See</u> AR 93-96, 100-103.  A

hearing was held before an administrative law judge ("ALJ") on November 29, 2012, at which

Plaintiff, represented by counsel, appeared and testified, as did a vocational expert ("VE").  <u>See</u>

ORDER - 1

AR 33-63.

On March 19, 2013, the ALJ issued a decision finding Plaintiff not disabled. <u>See</u> AR 16-28.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on August 5, 2014, making the ALJ's decision the Commissioner's final decision. <u>See</u> AR 1-5; <u>see also</u> 20 C.F.R. § 404.981, § 416.1481. On October 3, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. <u>See</u> ECF ## 1, 3.  The administrative record was filed with the Court on December 16, 2014. <u>See</u> ECF # 10.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to the Commissioner for further proceedings, because the ALJ erred in (1) failing to develop the record as to Plaintiff's prior finding of disability, (2) failing to call a medical expert in rendering step-three findings, and (3) failing to explain why the credited opinions of State agency medical consultants were not fully adopted.  For the reasons set forth below, the Court disagrees that the ALJ erred in determining Plaintiff to be not disabled, and therefore affirms the Commissioner's decision.

<u>DISCUSSION</u>

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied and the "substantial evidence in the record as a whole supports" that determination. <u>Hoffman v. Heckler</u>, 785 F.2d 1423, 1425 (9th Cir. 1986); <u>see also</u> <u>Batson v. Comm'r of Social Sec. Admin.</u>, 359 F.3d 1190, 1193 (9th Cir. 2004); <u>Carr v. Sullivan</u>, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." (citing <u>Brawner v. Sec'y of Health &</u>

ORDER - 2

Human Servs., 839 F.2d 432, 433 (9th Cir. 1987))).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("'Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.'") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.      Plaintiff's Prior Finding of Disability

Plaintiff testified at the administrative hearing that the Commissioner had previously found him disabled, but discontinued his benefits for non-medical reasons. AR 57. The administrative record in this case indicates that Plaintiff was previously found disabled at the initial level in April 1999, and that his benefits were terminated in July 2003. AR 178. Plaintiff subsequently applied for benefits, and that application was denied at the initial level in June

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

2006.  Id.  Plaintiff did not appeal that determination.  Plaintiff argues that the ALJ should have developed the record regarding his prior award of benefits, because the prior award is relevant to his current application because, according to him, it was based on the same medical condition.

Plaintiff cites no Ninth Circuit authority finding that a prior determination terminated for non-medical reasons is relevant to a subsequent application, although he cites a Second Circuit case for that proposition.  Dkt. 13 at 3 (citing Mimms v. Heckler, 750 F.2d 180, 185 (2d Cir. 1984)).  Mimms was cited by the District Court for the Central District of California, but the facts of that case are distinguishable from this case.  See Bonner v. Astrue, 725 F.Supp.2d 898, 899-901 (C.D. Cal. 2010).  In Bonner, the record was ambiguous as to whether the claimant had previously received benefits, and if so, whether the benefits had been properly terminated or should have been reinstated after he was released from prison.  725 F.Supp.2d at 901.  The Bonner court questioned whether plaintiff's prior determination should still have been in effect, in light of plaintiff's period of incarceration, and found that the ALJ had failed to properly develop the record as to the relationship between plaintiff's periods of incarceration and his eligibility for benefits.  725 F.Supp.2d at 901.  Importantly, the Bonner plaintiff's current application alleged that his disability began during a period that he was previously receiving benefits.[2]  725 F.Supp.2d at 899, 901.

In this case, the connection between Plaintiff's prior determination and his current application is exceedingly more tenuous.  Plaintiff's benefits were terminated nearly ten years before the administrative hearing, and an intervening application for benefits was denied and not appealed.  Plaintiff is not now arguing that the 2003 benefits termination was inappropriate, or

---

[2] Mimms is also factually distinguishable, because the plaintiff's prior award of benefits had been terminated less than a year before he filed the application under consideration.  750 F.2d at 183, 185.  The passage of many years, and the intervening application that was denied and not appealed, distinguish this case from Mimms.

ORDER - 4

that the 1999 finding of disability should have given rise to a presumption of continuing disability.  Plaintiff is narrowly arguing that the 1999 finding of disability is relevant to the current application because it was allegedly based on the same theory of disability, namely his heart condition.  ECF # 13 at 6.

Plaintiff's current application, however, alleges that his disability began on January 2011.  AR 164-70.  The basis for the 1999 determination is therefore not relevant to determining whether Plaintiff was disabled during the relevant period under the ALJ's consideration.  In the absence of a plausible theory as to how the prior determination could be relevant to his current application, Plaintiff has failed to establish that the ALJ had a duty to develop the record regarding his prior award of benefits.

II.       The ALJ's Step-Three Findings

Plaintiff argues that the ALJ erred in failing to obtain expert testimony as to whether his heart condition met or medically equaled a listing.

At step three of the sequential evaluation of disability, the ALJ considers whether one or more of a claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations.  The Listing of Impairments (the "listings") describes specific impairments of each of the major body systems "which are considered severe enough to prevent a person from doing any gainful activity." Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1525).  If a claimant meets or equals a listing, the claimant is found disabled without further inquiry.  If not, the analysis proceeds to the next steps of the evaluation.

Each listing sets forth the "symptoms, signs, and laboratory findings" that must be established in order for claimant's impairment to meet the listing.  Tackett, 180 F.3d at 1099.  "For a claimant to show that his impairment matches a listing, it must meet *all* of the specified

medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." <u>Sullivan v. Zebley</u>, 493 U.S. 521, 530 (1990) (emphasis in original). The claimant's impairment must not only be one listed in Appendix 1, but must have the specific findings shown in the listing for that impairment. <u>Marcia v. Sullivan</u>, 900 F.2d 172, 175 (9th Cir. 1990).

Plaintiff acknowledges that he bears the burden to show that he meets or equals a listing, yet also argues that the ALJ should have queried a medical expert on this issue. ECF # 13 at 7. In his opening brief, Plaintiff does not acknowledge that the State agency medical consultants considered whether his heart condition met a listing, and found that it did not. <u>See</u> AR 70, 85. In his reply brief, he argues that the State agency medical consultants' opinions should not have been relied upon because their opinions were rendered before the time of Plaintiff's August 2010 imaging study, January 2012 chest MRA, February 2012 heart CT scan, and December 2012 stress test. ECF # 15 at 4-5 (referencing AR 272, 584-88, 605-07, 652-66). He does not, however, offer any argument as to how these results show that he met or medically equaled a listing, and this failure is fatal in light of the applicable burden of proof at step three. <u>See</u> <u>Burch v. Barnhart</u>, 400 F.3d 676, 683 (9th Cir. 2005) (holding that the claimant bears the burden of proving that he or she has an impairment that meets or equals the criteria of a listing). Plaintiff does not meet his burden by merely pointing to evidence that does not explicitly establish that he meets or medically equals the requirements of a listing. <u>See</u> <u>Burch</u>, 400 F.3d at 683 ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."). The Court is unaware of any authority requiring an ALJ to call a medical expert in order to help a claimant meet his burden of proof under these circumstances,

1   and therefore finds that Plaintiff has not established error in the ALJ's step-three findings.

2   III.    <u>The ALJ's Evaluation of the Medical Evidence in the Record</u>

3        Plaintiff argues that the ALJ erred in affording significant weight to the opinions of the

4   State agency medical consultants, yet failing to explain why she did not credit their opinion that

5   Plaintiff is limited to sedentary work.

6        Plaintiff's argument rests on a mischaracterization of the record.  The State agency

7   medical consultant opined at the initial level of review that Plaintiff was limited to sitting for six

8   hours per workday and standing or walking for two hours, with the ability to lift/carry ten pounds

9   frequently or occasionally.  AR 71.  Such restrictions would be consistent with sedentary work.

10   But on reconsideration, the State agency medical consultant opined that Plaintiff could sit for six

11   hours per workday and stand or walk for four hours, and could lift/carry twenty pounds

12   occasionally and ten pounds frequently, and these restrictions are consistent with light work.  AR

13   86-87.  The ALJ's residual functional capacity ("RFC") assessment is consistent with the State

14   agency medical consultant's opinion rendered upon reconsideration.  AR 20-21.

15        Furthermore, the ALJ's hypothetical posed to the VE assumed a sedentary RFC, and the

16   VE identified a significant number of jobs consistent with the hypothetical.  AR 59-61.  The

17   ALJ's step-five findings describe sedentary work that exists in significant numbers.  AR 27.

18   Thus, even if the ALJ should have explained why she relied upon one State agency opinion over

19   the other, any error was harmless because the ALJ identified sedentary work that Plaintiff could

20   perform.

21   //

22   //

23   //

ORDER - 7

1

CONCLUSION

2        Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded

3   Plaintiff was not disabled.  Accordingly, the Commissioner's decision to deny benefits is

4   AFFIRMED.

5        DATED this 5th day of May, 2015.

6

7

8

9

10   Karen L. Strombom
     United States Magistrate Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 8